## FOLSOM *vs.* ROOT *et al.*

Where the record returned to this court contains nothing but the pleadings and the judgment of the court below, without embodying the testimony given at the trial, this court will presume that the evidence was sufficient to sustain the judgment; and this, although it appear in the *judgment* itself entered up by the judge of the court below, that the judgment was based upon grounds wholly untenable.

APPEAL from the court of First Instance of the district of San Francisco. The substance of the complaint and answer in this cause, is stated in the opinion of Mr. Justice Lyons. But in addition to that portion of the decision of the judge of First Instance, given in the opinion alluded to, are found several other matters. Two questions were presented by the pleadings, one of title, the other of possession; and the judge of First Instance, in giving his judgment, sets out in full the *title* of the plaintiff, without in any way whatever alluding to his *possession*, and then decides that the plaintiff was entitled to judgment in his favor. The cause was twice argued, once before Justices Lyons and Bennett, and again before a full bench. After the first argument the court decided in favor of the defendants—on the second argument in favor of the plaintiff, Justice Bennett dissenting. The following opinion was delivered as expressing the views of the court on rendering the first judgment.

*A. Peachy,* for plaintiff.

*R. A. Wilson,* for defendants.

Folsom *v.* Root.

*By the Court*, Bennett, J.   This case is in almost all respects the same as the case of *Woodworth* v. *Fulton*, decided at the last term.   The plaintiff claims title under a grant made by an American Alcalde, during the continuance of the war between the United States and Mexico, and the defendants derive their title from a justice of the peace.   It clearly appears from the judgment of the court of First Instance, that the plaintiff was permitted to recover solely upon the assumption of the *validity of his title*, and not upon the ground that he had ever been in the *actual possession* of the premises, and had been ousted by the defendants.   In *Woodworth* v. *Fulton* it was held, that a title of precisely the same character as that upon which the plaintiff recovered in this suit, was void and of no effect.   The defendants having been in actual possession at the time of bringing suit, they should have been protected in such possession, until some better title than their own was adduced against them.   Such was not the title under which the plaintiff recovered.   The judgment should, therefore, be reversed, and the defendants be restored to the possession and the rights which they respectively enjoyed at the time of the commencement of the suit.

On the re-argument the following opinion was delivered :—

*By the Court*, Lyons, J.   Respondent on the thirty-first day of January, 1850, filed in the court of First Instance a complaint setting forth that he is the legal owner of a certain lot of land in the city of San Francisco, more particularly described in said complaint—that his title to the same is derived (through one Walter Herron) by grant from an American Alcalde, made during the war between the United States and Mexico.   And he also avers, (fol. iii. of record,) that he was, and had been since the thirtieth day of March, 1848, in undisturbed possession— further, that appellant, claiming title to the same property, by virtue of a grant from a justice of the peace, had attempted to exercise the ownership, and had leased the lot to certain persons therein named—and that complainant's rights were further threatened by one George W. Sands, who was preparing to

Folsom *v.* Root.

build on the described premises; and he prays that an injunction may issue to restrain all these parties from their unlawful acts. The writ prayed for seems to have issued, though it is not contained in the record, and a motion by defendants to dissolve the same being overruled, they were ordered to answer. This they omitted to do; but one George T. Sullivan, whose name now first appears in the record, filed an answer alleging that *he* was the owner of the lot in dispute, having purchased the same from Root by deed, bearing date the 20th day of December, 1849, and that he had subsequently leased the premises to the parties complained of. The answer contains no other averments, except a general denial that respondent " has any " right to said premises."

It will be seen that Sullivan does not traverse the allegation of respondent, that he was in " undisturbed possession," but sets up his own deed from Root.

In the case of *Woodworth* v. *Fulton*, we held that a title similar to that adduced by respondent was void, and of no effect. We have not been called upon to decide on the validity of grants from justices of the peace, nor does this case present that question for determination. This court has declared its intention to protect the rights of the *actual possessor;* and from the papers before us we must conclude that Folsom enjoyed that right. It is distinctly averred in the complaint, and is not denied in the answer. No evidence whatever is returned with the record, and we are unable to judge of the character of the investigation allowed in the court below. We are informed that " the parties being ready for trial, the court hears the proof and " finds for the plaintiff, and makes the following decree." (Here follows a recital of the case *in extenso.*) Then the court makes this final decree: "That Joseph L. Folsom recover judgment " for his title and *possession* of said premises," &c. The finding of the court has in this case the force of a verdict of jury, and the judgment or decree entered thereon cannot in any way impair the effect of such finding, whatever extraneous matter may be embodied therein. We are not prepared to disturb a verdict, unless it clearly appears that it is erroneous. In the

Folsom v. Root.

case at bar there is no evidence submitted for our examination, and we cannot doubt the correctness of the verdict. The court below, as appears from its decree, pronounced upon both the questions of title and of possession, and if it erred on one only, judgment on the other is not thereby vitiated. It cannot be doubted that if the court had gone no farther in its judgment than to decree the possession claimed in the pleadings, the judgment would stand. Will it be contended that error in regard to the other questions, entitles appellants to reversal of that portion which is not erroneous? But the true defendants in this case are in default,—they set up no equities even against plaintiff's possession, do not deny they were about to intrude and commit the injuries which complainant asks to have them restrained from doing, do not claim to have been themselves in possession, or that they had been illegally ousted, but seemed to rely solely on the insufficiency of respondent's title. If the appellants have rights, the pleadings in this action do not present them for adjudication. Both parties allege title, but the record does not show that either produced in court the muniments thereof. The opinion of this court is known on that under which respondent claims,—of the validity of appellants' title we have not before us the means to judge. It is, therefore ordered, adjudged, and decreed, that so much of the judgment of the court of First Instance as decrees the possession of the premises claimed, to respondent, be affirmed, and that so much as decrees title be reversed.

Ordered accordingly.

BENNETT, J. (dissenting.) I dissent from the opinion of the majority of the court in this case. I think our former decision correct. I think it clearly appears from the record that the plaintiff had neither title nor possession. It is agreed by all the members of the court that he had no title, but the majority of the court say we must presume that he had the actual possession, because the court of First Instance rendered judgment in his favor. That is a doctrine to which I might perhaps assent, if the

HARVARD LAW SCHOOL LIBRARY

court of First Instance had simply given judgment for the plaintiff. We have often held, where a case comes up solely on the pleadings and judgment, without any evidence, we would presume that sufficient evidence was given to warrant the judgment.

But this case is widely different. The complaint, although it alleges in general terms that the plaintiff had been in possession of the premises, does not pretend that he had ever been ousted by the defendants. The answer, though informal and loose, substantially denies the allegations of the complaint, by denying that the plaintiff had any right in the premises. Then the court, sitting as a jury, finds the facts which had been established. I look upon that finding of facts in the same light as I would look at a special verdict of a jury; and the judgment of the court, which is nothing but the conclusion of the court deduced from these facts, being palpably erroneous, I think it should be reversed.